# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY SHELTON, and<br>JULIEN SHELTON,<br><br>      Plaintiffs,<br><br>v.<br><br>SHA ENT, LLC, d/b/a VAPOR 100, and<br>HOHM TECH, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-20-644-D<br>)<br>)<br>)<br>)<br>) |

## **O R D E R**

Upon review of the Notice of Removal [Doc. No. 1] and the Corporate Disclosure Statement [Doc. No. 3], filed by Defendant Sha Ent, LLC, the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.[1]  Sha Ent, LLC, is alleged to be a limited liability company.  A limited liability company is not treated like a corporation under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association under *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990).  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).  The Notice of Removal and Corporate Disclosure Statement do not identify the members of the limited liability company nor allege their citizenship.  Thus, no factual basis for diversity jurisdiction is apparent.

---

[1]  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

**IT IS THEREFORE ORDERED** that Defendant Sha Ent, LLC, shall file an amended notice of removal to allege the existence of diversity jurisdiction within fourteen days from the date of this Order.[2]

**IT IS SO ORDERED** this 24th day of August, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Sha Ent, LLC, need not re-file the exhibits attached to the Notice of Removal, but may incorporate them by reference pursuant to FED. R. CIV. P. 10(c).