## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JEREMY SHELTON, and          )
JULIEN SHELTON,              )
                             )
      Plaintiffs,              )
                             )
v.                           )
                             )
SHA ENT., LLC, and           )    Case No. CV-20-644-D
HOHM TECH, INC.,             )
                             )
      Defendants.              )

## ORDER

Defendant Sha Ent., LLC brings before the Court a Motion to Dismiss [Doc. No. 6] seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have responded in opposition [Doc. No. 15] and Defendant has replied [Doc. No. 16]. The matter is now at issue.

## BACKGROUND

Plaintiffs filed an Amended Petition [Doc. No. 1-10] in Oklahoma state court alleging that Jeremy Shelton was seriously injured when a defective battery, manufactured by Defendant Hohm Tech, Inc. and sold by Defendant Sha Ent, exploded in in his pocket. Defendant Sha Ent removed the action based on diversity jurisdiction [Doc. No. 1] and now seeks dismissal of Plaintiffs' strict products liability claim. Defendant argues that Plaintiffs have failed to state a claim for strict products liability against a non-manufacturing product seller under Oklahoma law. Plaintiffs respond that dismissal of the

claim is premature because it is impossible for them to determine the facts needed to establish their claim without conducting discovery.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court will accept as true all well-pled factual allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss…does not need detailed factual allegations," but it does need "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citation omitted). A complaint must "contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a plaintiff is not required to prove his case at the pleading stage, he is required to plead facts sufficient to "nudge[ ] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## DISCUSSION

Defendant moves for dismissal under Rule 12(b)(6), asserting that Plaintiff has failed to state a claim for strict products liability under Oklahoma law. In Oklahoma, a

"product liability action may be based on a theory of negligence liability or strict products liability." *Honeywell v. GADA Builders, Inc.,* 271 P.3d 88, 96 (Okla. Civ. App. 2011). A strict products liability action can be "applied to various members of the manufacturers' marketing chain," including retailers and distributors. *Allenberg v. Bentley Hedges Travel Serv., Inc.*, 22 P.3d 223, 227–28 (Okla. 2001). However, pursuant to Okla. Stat. Ann. tit. 76, § 57.2(E), a strict products liability action may not be asserted against a non-manufacturing seller unless:

1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5. The manufacturer is not subject to service of process under the laws of the state; or

6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

Other courts have interpreted this statute as "add[ing] a new element to the cause of action" against a non-manufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-CV-97-GKF-PJC, 2015 WL 5943447, at *3 (N.D. Okla. Oct. 13, 2015); *see also Loomis v.*

*Specialized Desanders, Inc*., No. CIV-18-525-C, 2018 WL 4355205, at *2 (W.D. Okla. Sept. 12, 2018).

Defendant Shah Ent contends that it is entitled to dismissal because it is a non-manufacturing product seller and Plaintiffs make no allegations that any of the enumerated exceptions in Okla. Stat. tit. 76, § 57.2(E) apply to this case. Plaintiffs respond that "it is impossible to determine" whether any of the statutory exceptions apply without conducting discovery. Plaintiffs' Objection at 2.

The Amended Petition alleges that Defendant Shah Ent sold the battery to Plaintiff Jeremy Shelton; the battery was defective, improperly maintained, and/or lacking in adequate warnings; and Defendant is strictly liable for placing the dangerous product in the stream of commerce. Amended Petition at ¶¶ 7-9, 22-25. The Amended Petition contains no factual allegations that would place Shah Ent's conduct into one of the exceptions enumerated in § 57.2(E). Although a complaint need not include detailed factual allegations in order to give the defendant fair notice of the claim, it must at least include "some facts." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). Oklahoma state law limits the availability of a strict products liability claim against a non-manufacturing seller to certain scenarios, and Plaintiffs' failure to allege *any* facts that would meet one of these scenarios establishes that they have failed to state a plausible claim for relief.

Plaintiffs's argument that dismissal is premature because discovery is necessary does not advance their cause. "Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to

permit a plaintiff to find out whether he has such a claim." *Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004); *see also Iqbal*, 556 U.S. at 678-679 (explaining that the Rule 8 pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Plaintiffs' admission that discovery is needed to determine whether they meet any of the statutory exceptions which would allow them to bring a claim against Shah Ent establishes that they have failed to allege facts that are sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.[1]

Plaintiffs additionally argue that Sha Ent's grounds for seeking dismissal only extend to the strict products liability claim and do not mandate dismissal of Plaintiffs' negligence claim. In their Reply brief, Sha Ent does not challenge this argument and repeatedly frames their request as seeking dismissal of a strict products liability claim. Accordingly, the Court interprets Defendant Sha Ent's motion as seeking partial dismissal of only the strict products liability claim asserted against Sha Ent.

## CONCLUSION

As detailed above, Plaintiffs have failed to state a strict products liability claim against Defendant Sha Ent.

---

[1] In reaching this conclusion, the Court does not consider the new factual assertions made in Plaintiff's responsive brief. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established…that in determining whether to grant a motion to dismiss, the district court,… [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.")

**IT IS THEREFORE ORDERED** that Defendant Sha Ent. LLC's Motion to Dismiss [Doc. No. 6] is **GRANTED**. Plaintiffs' strict products liability claim against Defendant Sha Ent is dismissed without prejudice.

**IT IS SO ORDERED** this 30th day of October, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge