### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY SHELTON, and <br> JULIEN SHELTON, <br><br> Plaintiffs, <br><br> v. <br><br> SHA ENT, LLC, d/b/a VAPOR 100, <br> MALOUT JOSAN, LLC, as owner of <br> SHA ENT, LLC, <br> HOHM TECH, INC., and <br> INDONESIA CHEMISTRY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-20-644-D <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### **O R D E R**

Before the Court is a Motion to Compel Initial Disclosures [Doc. No. 25] filed by Defendant Sha Ent, LLC ("Sha Ent"). The time for filing a response has passed. To date, Plaintiffs have not filed a response or sought an extension of time in which to do so.

### BACKGROUND

Plaintiffs filed an Amended Petition [Doc. No. 1-10] in Oklahoma state court alleging that Plaintiff Jeremy Shelton was seriously injured when a defective battery, manufactured by Defendant Hohm Tech, Inc. ("Hohm Tech) and sold by Sha Ent, exploded in Shelton's pocket. Following removal of this case from state court, Sha Ent moved to dismiss Plaintiffs' strict products liability claim. [Doc. No. 6]. The Court granted Sha Ent's motion and dismissed without prejudice Plaintiffs' strict products liability claim against Sha Ent. [Doc. No. 17]. Subsequently, with leave of Court, Plaintiffs filed a Second Amended Complaint [Doc. No. 27] against Sha Ent and its owner, Malout Josan,

LLC, Hohm Tech, and Indonesia Chemistry. In the Second Amended Complaint, Plaintiffs assert a retailer/seller's negligence claim against Sha Ent, and a manufacturer/designer/distributor's strict liability claim against Hohm Tech and Indonesia Chemistry. Plaintiffs seek damages for pain and suffering, emotional distress, medical expenses past and future, lost wages, lost earning capacity, loss of consortium, and punitive damages.

Sha Ent contends that Plaintiffs' initial disclosure of damages does not comply with FED. R. CIV. P. 26(a)(1)(A)(iii), and asks the Court to order Plaintiffs to supplement their computation of damages to comply with the rule. [Doc. No. 25].

## DISCUSSION

Rule 26(a)(1)(A)(iii) requires a party to disclose to the other parties "a computation of each category of damages claimed by the disclosing party—who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(iii). "Put differently, a party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations." *Campbell v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-739-R, 2020 WL 3244010, at *1 (W.D. Okla. June 15, 2020). By its very text, Rule 26 highlights the importance of early disclosure of the nature and extent of damages sought. The fact that information may be incomplete, cumbersome, vague, or voluminous does not absolve a party from making adequate initial disclosures of information already in their possession.

A plaintiff cannot shift the burden to a defendant to attempt to determine the amount of a plaintiff's alleged damages. *See Id*. Further, a party has a duty to supplement or correct its Rule 26(a) disclosures in a timely manner if the party learns that the earlier disclosure was incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1)(A). Finally, the fact that a defendant can focus additional discovery on a plaintiff's damages "does not relieve [a plaintiff] of his requirement to disclose specific damage computations in accordance with Rule 26." *Id*. at 3; *see also Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) (finding that a defendant's ability to discover damage information through a deposition does not satisfy a plaintiff's Rule 26 requirements).

Here, Plaintiffs disclosed that a computation of damages was "[n]ot available at this time," and that their expert Lon Huff would provide his opinion concerning Plaintiffs' damages at a later, unspecified time. Plaintiffs disclosed, generally, a lump sum of $90,000.00 in total medical bills. [Doc. No. 25-1 at 4]. However, Plaintiffs did not provide any supporting documents for the $90,000.00 figure.

Although the Court understands that Plaintiffs may not be able to calculate specifically each category of damages, Plaintiffs should be able to set forth some computation of damages. The Court finds that Plaintiffs' initial computation is inadequate and fails to comply with Rule 26(a)(1)(A)(iii). Rule 26 requires "more than a lump sum statement of the damages allegedly sustained." *Walker v. State Farm Fire and Cas.*, No. CIV-20-171-RAW, 2020 WL 6205841, at *1 (E.D. Okla. Oct. 22, 2020) (internal citation and quotation marks omitted).

## CONCLUSION

Based on the foregoing, Sha Ent's Motion to Compel Initial Disclosures [Doc. No. 25] is **GRANTED**. Plaintiffs are ordered to supplement their Rule 26 initial disclosures, specifically the computation of damages, no later than May 5, 2021. To that end, Plaintiffs' computation should include—to the extent such information is currently available—the categories of damages they seek with corresponding dollar figures and citations to documents and other evidentiary material on which the entire computation is based.

**IT IS SO ORDERED** this 14th day of April 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge