IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY SHELTON, and<br>JULIEN SHELTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHA ENT., LLC, | ) | Case No. CV-20-644-D |
| HOHM TECH, INC., | ) | |
| INDONESIA CHEMISTRY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Sha Ent., LLC's Amended Motion for Summary Judgment [Doc. No. 46].[1] Plaintiffs have responded in opposition [Doc. No. 45] and Defendant has replied [Doc. No. 47].

## BACKGROUND

Jeremy Shelton was seriously injured when a lithium-ion battery exploded in his pocket. The battery was allegedly manufactured by Defendants Hohm Tech and Indonesia Chemistry[2] and sold by Defendant Sha Ent. through its retail location in Chickasha, Oklahoma. Asserting that the battery was defective and lacked adequate warnings, Mr. Shelton brings a strict products liability claim against Hohm Tech and Indonesia Chemistry and a negligence claim against Sha Ent.. Mr. Shelton's spouse, Julian Shelton, brings a loss

---

[1] Sha Ent. was previously granted permission to submit an amended motion for summary judgment to include the table of contents required by LCvR7.1(e) [Doc. No. 43].
[2] Neither Hohm Tech nor Indonesia Chemistry have entered an appearance in the case.

of consortium claim based on Mr. Shelton's injuries. Sha Ent. moves for summary judgment, arguing that Plaintiffs cannot meet the requirements of Okla. Stat. tit. 56, § 57.2(G), which governs negligence claims brought against product sellers.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable juror could return a verdict for either party. *Id.* All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.*

A movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A). Ultimately, the Court's inquiry is whether the facts and evidence of record present "a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## UNDISPUTED FACTS[3]

Sha Ent. is a product seller that sells Hohm Tech lithium-ion batteries for use in vaping modulators. Def.'s Mot. at ¶ 2; Pls.' Br. at ¶ 2. It does not manufacture the batteries but instead buys them complete and prepackaged from Hohm Tech. Def.'s Mot. at ¶¶ 5-6; Pls.' Br. at ¶¶ 2, 5-6. Mr. Shelton purchased a Hohm Tech lithium-ion battery for use in his vaping modulator.[4] Def.'s Mot. at ¶ 9; Pls.' Br. at ¶ 9. During the purchase, the retail employee removed the battery from the box and placed it in Mr. Shelton's modulator to make sure it would fit. Pls.' Mot. at ¶ 7. Apart from this action, no modifications were made to the battery, its packaging, or its labels, and Plaintiffs have not come forward with any evidence showing that the battery was defective or improperly maintained. Def.'s Mot.

---

[3] This statement includes material facts that are supported by the record and not opposed in the manner required by Rule 56(c)(1) and LCvR56.1(d). All facts properly presented by a party and not specifically controverted by an opponent are deemed admitted, pursuant to Rule 56(e)(2) and LCvR56.1(e). Any fact stated by a party that is not supported by the party's citation to the record is disregarded.

[4] Sha Ent. argues that Plaintiffs lack adequate proof that the involved battery was purchased from its retail location because they have not supplied a receipt for the purchase. Plaintiffs have, however, provided an affidavit from Mr. Shelton testifying that he purchased the battery from Sha Ent.'s store and an affidavit from Julian Shelton testifying that she was present at the time of the purchase. These affidavits are based on personal knowledge and set forth facts that would be admissible at trial. Thus, despite Sha Ent.'s arguments to the contrary, Plaintiffs do not rely merely on unsupported allegations when asserting that the battery was purchased from Sha Ent.. Taking the evidence in the light most favorable to the Plaintiffs, there is at least a factual dispute as to whether Sha Ent. sold the battery. However, as explained below, this dispute does not preclude summary judgment because Plaintiffs have failed to come forward with evidence supporting other elements of their claim.

at ¶¶ 7, 16; Pls.' Br. at ¶¶ 7, 16.

Mr. Shelton does not have a receipt for the purchase, but he did leave the store with the battery and the box. Def.'s Mot. at ¶ 13; Pls.' Br. at ¶ 13. The box included a label stating:

> WARNING
> Battery may explode or catch fire if misused
> Do not heat above 100°C or 212°F
> Do not crush or modify
> Use at your own risk

Pls.' Mot. at ¶ 14, Ex. 1. The battery itself also including a warning that stated, in part:[5]

> Keep out of reach of children and pets. Keep away from fire
> Do not connect backwards. Do not use if any damage is present
> Do not carry or store unprotected. Do not use if hot to touch

*Id.* at Ex. 2; Def.'s Reply Br. at Ex. 2.[6]

Mr. Shelton testified that he would inspect the battery when it was removed from the modulator for charging and that he would have noticed if something was wrong with it. Def.'s Mot. at ¶ 15; Pls.' Br. at ¶ 15. Approximately three months after purchasing the battery, it exploded in Mr. Shelton's pocket, causing him to suffer serious injuries. Def.'s Mot. at ¶ 9; Pls.' Br. at ¶ 9, p. 7. Contact with metal objects can cause lithium-ion batteries to ignite and Mr. Shelton happened to be carrying some coins and a knife in his pocket at

---

[5] There is some dispute as to whether the battery involved in the incident included this warning or the more specific warning reflected in Exhibit 3 of Plaintiff's Response. Construing the facts in the light most favorable to the nonmovant, the Court assumes that the more specific warning was not present on the battery purchased by Mr. Shelton.
[6] Inexplicably, Plaintiffs included a photograph of the battery warning label that was totally illegible. *See* Pls.'s Br., Ex. 2. The language quoted is therefore taken from the copy of the warning label Sha Ent. included in their Reply Brief.

the time of the incident. Def.'s Mot. at ¶ 22; Pls.' Br. 7-8; Reply Br. 7.

## DISCUSSION

In Oklahoma, a "product liability action may be based on a theory of negligence liability or strict products liability." *Honeywell v. GADA Builders, Inc.,* 271 P.3d 88, 96 (Okla. Civ. App. 2011). In general, to succeed under a negligence theory, a plaintiff must prove three essential elements: "(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's breach." *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 620 (10th Cir. 1998) (quoting *Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla.1997)). However, in 2014, Oklahoma enacted Okla. Stat. Ann. tit. 76, § 57.2, which provides certain limits on product liability actions.[7] Pertinent here, § 57.2(G) governs when a seller can be held liable in negligence for a defective product:

> G. A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
>
> 1. The product seller sold the product involved in such action;
>
> 2. The product seller did not exercise reasonable care:
>
>> a. in assembling, inspecting, or maintaining such product, or
>>
>> b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
>
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

---

[7] Sha Ent. does not argue that summary judgment is appropriate under § 57.2(E), which provides that "[n]o product liability action may be asserted against a product seller other than the manufacturer, unless" one of six circumstances is present.

As noted by other courts, § 57.2(G) essentially "codif[ies] the elements of a negligence claim against non-manufacturing product sellers." *Farmers Ins. Co. v. Big Lots, Inc*., No. 15-CV-97-GKF-PJC, 2015 WL 5943447, at *4 (N.D. Okla. Oct. 13, 2015). *See also Loomis v. Specialized Desanders, Inc.,* No. CIV-18-525-C, 2018 WL 4355205, at *3 (W.D. Okla. Sept. 12, 2018) ("Oklahoma law codifies the duties of a product seller, other than a manufacturer….").

Sha Ent. argues that it is entitled to summary judgment because Plaintiffs cannot establish any of the requirements of § 57.2(G). Because the Court agrees that Plaintiffs have failed to come forward with evidence establishing § 57.2(G)(2), it is unnecessary to address the remaining requirements.

Section 57.2(G)(2) provides that a "seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes…[t]he product seller did not exercise reasonable care" in one of two ways. First, a plaintiff can show that the seller failed to exercise reasonable care in "assembling, inspecting, or maintaining" the product. Okla. Stat. Ann. tit. 76, § 57.2(G)(2)(a). Second, a plaintiff can show that the seller failed to exercise reasonable care in "passing on warnings or instructions from such product's manufacturer." *Id.* at § 57.2(G)(2)(b).

As to the first option, Plaintiffs make several conclusory statements asserting that the battery was dangerous, but they fail to offer any evidence that Sha Ent. did not exercise reasonable care in the assembly, inspection, or maintenance of the battery. The only evidence properly in the record shows that the battery was purchased from Hohm Tech preassembled and prepackaged, that no modifications were made to the battery, and that

the battery was not itself defective or improperly maintained. Although Plaintiffs deny these facts in their response brief, they rely only on conclusory assertions and do not support their denials with reference to any evidentiary materials. Their only properly supported argument on this point is based on Mr. Shelton's testimony that the store employee placed the battery in the modulator to ensure that it was the proper size. This action does not, however, involve the assembly, maintenance, or inspection of the battery itself.[8] Plaintiffs have therefore not met their burden of designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 322.

As to the second option, Plaintiffs again fail to present evidence showing that Sha Ent. failed to exercise reasonable care in passing on warnings from the manufacturer about the dangers of the battery. The undisputed evidence shows that the battery was purchased prepackaged from the manufacturer, the battery and the box contained a warning label, and Mr. Shelton left the store with both items. Plaintiffs refer to a Hohm Tech webpage that contained specific warnings about not placing the battery in a pocket with other metal objects, but they have not come forward with any evidence showing that the information contained in the webpage was provided to retail sellers. Because the warnings on the box and battery – the only warnings shown to have been made available by the manufacturer to Sha Ent. – were given to Mr. Shelton, Plaintiffs cannot show that Sha Ent. failed to exercise reasonable care in "passing on" warnings as required by § 57.2(G)(2)(b).

---

[8] Moreover, even assuming the employee's action can be described as assembling the product, the actions were not the proximate cause of Mr. Shelton's injuries because the battery exploded while it was in defendant's pocket, not while it was in the modulator.

To avoid this conclusion, Plaintiffs argue that the warnings were inadequate and Sha Ent. should have provided an additional warning, particularly given that Sha Ent. knew lithium-ion batteries could explode when placed in contact with metal objects. Plaintiffs are correct that Oklahoma courts have in the past imposed a duty on a seller to provide adequate product warnings in certain situations. *See Duane v. Oklahoma Gas & Elec. Co.,* 833 P.2d 284, 286 (Okla. 1992) ("Only where the seller has reason to anticipate that danger may result from a particular use, may he be required to give adequate warning of the danger, and a product sold without such warning is in a defective condition."); *Swift v. Serv. Chem., Inc.,* 310 P.3d 1127, 1133 (Okla. Civ. App. 2013) ("Under a negligence theory of recovery, a seller or supplier of a product has a duty to use reasonable care to provide adequate warnings or instructions to avoid injury to a foreseeable plaintiff.").

These cases, however, arose prior the passage of § 57.2, which "is very clearly concerned with defective products and limiting liability arising from such claims." *Cherokee Nation v. Mckesson Corp.,* No. CIV-18-056-RAW, 2021 WL 1200093, at *7 (E.D. Okla. Mar. 29, 2021). Section 57.2(G) specifically addresses a seller's duty to provide warnings and limits that duty to "passing on warnings or instructions" from the manufacturer. Thus, unlike earlier case law, the plain language of the statute does not impose a duty on product sellers to issue warnings beyond what the manufacturer provides. Because § 57.2(G) only imposes a duty on a seller to pass on warnings, it is unnecessary for the Court to evaluate the adequacy of the product's warnings in this case. To the extent Plaintiffs claim the product's warnings were inadequate, § 57.2(G) instructs that their remedy lies with the manufacturer, and not the seller.

## CONCLUSION

For the reasons stated above, Sha Ent. is entitled to summary judgment on Plaintiffs' negligence claim. Because the loss of consortium claim is derivative of the negligence claim, *Taber v. Allied Waste Sys., Inc.*, No. CIV-13-773-D, 2015 WL 3651531, at *1 (W.D. Okla. June 11, 2015), Sha Ent. is also entitled to summary judgment on that claim.

**IT IS THEREFORE ORDERED** that Defendant Sha Ent., LLC's Amended Motion for Summary Judgment [Doc. No. 46] is GRANTED.

**IT IS SO ORDERED** this 3rd day of December, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge