## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY SHELTON, and | ) | |
| JULIEN SHELTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHA ENT., LLC, | ) | Case No. CIV-20-644-D |
| HOHM TECH, INC., | ) | |
| INDONESIA CHEMISTRY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Reconsider this Court's December 30, 2021, Order, and Motion to Stay Proceedings Until the Assets of Hohm Tech, Inc.'s Bankruptcy Estate Have Been Determined [Doc. No. 61]. Defendant Sha Ent., LLC has responded in opposition [Doc. No. 62] and the matter is now at issue.

## PROCEDURAL BACKGROUND

After removing this action from state court on July 6, 2020 [Doc. No. 1], Defendant Sha Ent moved to dismiss Plaintiffs' strict products liability claim under Rule 12(b)(6) for failure to state a claim [Doc. No. 6]. The basis of Sha Ent's argument was Okla. Stat. tit. 76, § 57.2(E), which limits products liability actions against non-manufacturing sellers to certain enumerated exceptions, one of which is where "[t]he court determines that the claimant would be unable to enforce a judgment against the manufacturer." *Id.* at § 57.2(E)(6).  Sha Ent argued that Plaintiffs failed to plead any facts which would make the

exceptions in § 57.2(E) applicable and they therefore failed to state a claim for strict products liability.

In their response brief [Doc. No. 15], Plaintiffs did not dispute that they failed to plead facts relating to § 57.2(E)'s exceptions. Instead, they argued that discovery was needed to determine whether any of the exceptions applied. To support this argument, Plaintiffs' response brief included factual statements that were not asserted in their Amended Petition, including that Defendant Hohm Tech (the product manufacturer) might close its operations and file for bankruptcy protection. Plaintiffs did not, however, request leave to amend their pleading in order to properly allege these additional facts.

The Court granted Sha Ent's motion and dismissed the strict products liability claim on October 30, 2020 [Doc. No. 17].[1] The Court found that Plaintiffs had not alleged any facts that would place Sha Ent's conduct into one of the exceptions enumerated in § 57.2(E) and they had therefore failed to state a plausible claim for strict products liability. The Court further explained that Plaintiffs' request to conduct discovery did not relieve them

---

[1] At times, Plaintiffs' motion mischaracterizes the substance of this order. For example, Plaintiffs state that they referenced Hohm Tech's possible insolvency in their response to Sha Ent's motion to dismiss and the October 30th order concluded that this information was "nothing more than speculation, and inadequate to trigger Title 76 O.S. § 57.2(E)(6)." Pls.' Br. at 4 n.6. This is not accurate. The October 30th order did not address whether Hohm Tech's possible insolvency or potential bankruptcy were sufficient to state a claim with respect to § 57.2(E)(6) because Plaintiffs never properly alleged those facts (even though they had this information available to them). *See* Order of October 30th, 2021 at 5 n.1. Instead, the Court straightforwardly concluded that Plaintiffs had not stated a plausible claim for strict products liability because they failed to allege *any* facts relating to the exceptions in § 57.2(E). *Id.* at 4. The October 30th order also never characterized Plaintiffs' additional factual information as mere speculation, but instead stated that their plea for discovery signals that they have not alleged facts sufficient to raise a right to relief above the speculative level. *Id.* at 5

of their obligation to plead facts sufficient to state a claim. In reaching this conclusion, the Court specifically noted that, under applicable law, it was limited to assessing the sufficiency of the allegations contained in the Amended Petition and could not consider the new factual assertions made in Plaintiffs' response brief. As a result of this ruling, the only claim that remained pending against Sha Ent was a claim for negligence.

Plaintiffs did not seek reconsideration of the October 30th order or request leave to properly allege the factual statements they included in their response brief. Instead, they chose to litigate the remaining claims pending against the defendants, including the negligence claim against Sha Ent and the strict liability claim against Hohm Tech. Plaintiffs did eventually request leave to amend [Doc. No. 23], but only for the purpose of adding Indonesia Chemistry as a defendant, clarifying Hohm Tech's role as a distributor, and "clarify[ing]" claims against She Ent "regarding negligence." Plaintiffs filed their Second Amended Petition on March 16, 2021 [Doc. No. 27], but included no new factual allegations related to a strict products liability claim against Sha Ent. After Hohm Tech failed to answer or otherwise respond to the Second Amended Petition, Plaintiffs filed a Motion for Default Judgment as to Hohm Tech [Doc. No. 32].

On July 30, 2021, Hohm Tech filed a Chapter 7 bankruptcy petition in the Central District of California. *See In re HOHM Tech, Inc.*, 6:21-bk-14150-MH (Bankr. C.D. Cal. July 30, 2021). Subsequently, on September 3, 2021, Sha Ent moved for summary judgment with respect to the remaining negligence claim [Doc. No. 39].[2] The motion was

---

[2] Sha Ent was granted permission to file an Amended Motion for Summary Judgment for the sole purpose of including an indexed table of contents. [Doc. Nos. 43 and 46].

granted on December 3, 2021 [Doc. No. 55]. On that same day, the Court entered an order denying Plaintiffs' motion for default judgment because Hohm Tech had filed for bankruptcy protection [Doc. No. 54].

Having lost on their only remaining claim pending against Sha Ent, and no doubt wary of their ability to recover against the remaining defendants, Plaintiffs filed a motion on December 8, 2021 seeking permission to "re-urge" their strict liability claim against Sha Ent [Doc. No. 57]. They should be permitted to re-urge this claim, Plaintiffs argued, because Hohm Tech's bankruptcy filing and the inability to serve or enforce a judgment against Indonesia Chemistry made § 57.2(E)(6) applicable. The motion did not identify any law authorizing such a request, nor did it attempt to explain why Plaintiffs waited until after the summary judgment ruling to request leave to re-plead their claim.

The Court construed the motion as one seeking reconsideration of the October 30th order that dismissed the strict liability claim against Sha Ent. On December 30, 2021, the Court denied the motion because Plaintiffs' arguments were based on information they could have discovered prior to the entry of summary judgment in Sha Ent's favor [Doc. No. 59]. Plaintiffs then filed the instant motion, which seeks reconsideration of the Court's December 30th order denying Plaintiffs' request for reconsideration of the October 30th order. The crux of their current argument is that it is premature to dismiss the strict liability claim because the applicability § 57.2(E)(6) cannot be determined until Hohm Tech's bankruptcy case is resolved. They therefore request that the proceedings against Sha Ent (and the enforcement of the December 30th order) be stayed until the bankruptcy court determines whether Hohm Tech's debt is subject to discharge.

## DISCUSSION

As explained in the October 30th order, the "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Put another way, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In their first motion to reconsider, Plaintiffs argued that their strict liability claim against Sha Ent should be allowed to go forward because, after the entry of the October 30th order dismissing the claim, they had obtained information with respect to Hohm Tech's bankruptcy and service on Indonesia Chemistry that made the exception outlined in § 57.2(E)(6) applicable. Although Plaintiffs did not style their motion in this manner, they were essentially seeking permission to amend their pleading so that they could state a plausible strict liability claim against Sha Ent. The Court concluded that reconsideration of the October 30th dismissal order, and what would essentially amount to a post-summary judgment opportunity to amend, was not warranted because Plaintiffs' evidence and arguments were readily available prior to the summary judgment ruling. The Court is not persuaded that this conclusion merits reconsideration.

In the Tenth Circuit, "untimeliness alone may be a sufficient basis for denial of leave to amend" where the moving party offers no adequate explanation for the delay. *Makeen Inv. Grp., LLC as trustee for Makeen Fam. Children's Tr. v. Colorado*, 825 F. App'x 565,

570 (10th Cir. 2020) (unpublished). Moreover, "granting leave to amend after entry of summary judgment is disfavored." *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004). This is particularly true "when the losing party seeks the amendment many months after his initial filing, the amendment is not based on new evidence, and the amendment is merely the presentation of an alternate legal theory that was readily available prior to the entry of summary judgment." *Id*. On numerous occasions, the Tenth Circuit has affirmed the denial of post-judgment attempts to assert claims or arguments that could have been raised prior to a ruling. *See Hartleib v. Weiser L. Firm, P.C.,* 861 F. App'x 714, 722 (10th Cir. 2021) (unpublished) (holding that a motion for leave to amend was properly denied where plaintiff could have sought leave prior to entry of order dismissing the claims); *The Tool Box, Inc. v. Ogden City Corp*., 419 F.3d 1084, 1086 (10th Cir. 2005) (explaining that "[c]ourts have refused to allow a postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave."); *Zurich N. Am. v. Matrix Serv., Inc*., 426 F.3d 1281, 1294 (10th Cir. 2005) (denying requested post-judgment relief because plaintiff "should have exercised diligence by complaining *before* the court reached a decision.") (emphasis in original); *Combs,* 382 F.3d at 1206 (finding that post-summary judgment motion for leave to amend was properly denied where plaintiff sought to add alternative legal theory that was not based on new evidence); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (finding that denial of motion for leave to amend following partial summary judgment was appropriate where motion was filed eight months after the original complaint, was not based on new evidence,

and proposed a theory plaintiff did not choose to advance until after his primary theory had been dismissed).

Like in their first motion to reconsider, Plaintiffs' current motion does not adequately explain their delay in seeking leave to re-allege the strict liability claim against Sha Ent. Plaintiffs knew of the challenges they would face with respect to enforcing a judgment against Indonesia Chemistry and knew (or should have known) of Hohm Tech's bankruptcy well in advance of the summary judgment ruling. Plaintiffs could have advanced these arguments prior to summary judgment and their unexplained delay in doing so is sufficient reason to deny them the relief they now seek.[3]

Additionally, the Court is not persuaded by Plaintiffs argument that a motion to reassert their claim is premature until a final discharge order is entered in Hohm Tech's bankruptcy case. *See* Pls. Br. at 5. To pursue a strict liability claim against Sha Ent, Plaintiffs would need to allege some relevant facts showing that they would be unable to enforce a judgment against Hohm Tech. *See Doe v. Sch. Dist. No. 1, Denver, Colorado,* 970 F.3d 1300, 1311 (10th Cir. 2020) (explaining that a "'plaintiff should have – and must plead – at least some relevant information to make the claims plausible on their face'" and "is not required to prove her case at the motion-to-dismiss stage") (internal quotation

---

[3] Plaintiffs suggest that their first motion to reconsider was prompted by the order staying the proceedings against Hohm Tech because, prior to that, Plaintiffs "still had a valid pending claim against Hohm Tech." Pls. Br. at 4. The stay is the result of Hohm Tech's filing for bankruptcy protection on July 30, 2021. Thus, if anything affected their claim against Hohm Tech, it was the bankruptcy filing, which Plaintiffs knew or should have known about prior to the summary judgment ruling. Further, the stay does not foreclose Plaintiffs' claims against Hohm Tech but merely defers the proceedings until relief from the bankruptcy's automatic stay is granted.

omitted). If Plaintiffs had facts available to them plausibly showing that they would be unable to enforce a judgment against Hohm Tech because it had inadequate assets, they could have requested leave to allege those facts in a timely manner without needing to wait for a final resolution in the bankruptcy proceedings. In any event, Plaintiffs' current contention is that it is "speculative now, and has been speculative at all times in the past," whether Hohm Tech can satisfy a judgment. Pls. Br. at 6. If this is the case, then it seems to be a concession that Plaintiffs are presently unable to plead facts which would plausibly bring Sha Ent within the exception outlined § 57.2(E)(6) and they are therefore still unable to state a claim.

Of course, the Court recognizes that without the opportunity to pursue a strict products liability claim against Sha Ent, it may be difficult for Plaintiffs to recover for their injuries. But that difficulty arises from Plaintiffs' own choices regarding which facts to allege in their pleading and which claims to pursue. The Court sees no manifest injustice in requiring Plaintiffs to properly plead facts in support of a claim, present arguments in a diligent manner, or accept the consequences of their own litigation strategy.

Accordingly, Plaintiffs' Motion to Reconsider this Court's December 30, 2021, Order, and Motion to Stay Proceedings Until the Assets of Hohm Tech, Inc.'s Bankruptcy Estate Have Been Determined [Doc. No. 61] is DENIED. Plaintiffs' Motion for Leave to Supplement its Motion to Reconsider this Court's Ruling on December 30, 2021 [Doc. No. 63], which seeks permission to amend its brief for the sole purpose of adding an indexed table of contents and authorities, is DENIED as moot.

**IT IS SO ORDERED** this 22nd day of February, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge